**Elizabeth PASTOR, Plaintiff–Appellant,**

v.

**PARTNERSHIP FOR CHILDREN'S RIGHTS, Defendant–Appellee.**

**No. 12–4127–cv.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2013.

Elizabeth Pastor, Brooklyn, NY, pro se.

Michael A. Frankel, Jackson Lewis LLP, White Plains, NY, for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Elizabeth Pastor, *pro se,* appeals from the District Court's grant of summary judgment to the Partnership for Children's Rights ("Partnership"), dismissing her employment discrimination complaint because the Partnership did not have the requisite fifteen or more employees to constitute an "employer" for purposes of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.,* during the relevant years. *See Pastor v. P'ship for Children's Rights,* No. 10 Civ. 5167(CBA), 2012 WL 4503415 (E.D.N.Y. Sept. 28, 2012). Pastor also appeals from the magistrate judge's denial of her motion to re-open discovery regarding the Partnership's number of employees. *See* Discovery Order, *Pastor v. P'ship for Children's Rights,* No. 10 Civ. 5167(LB) (E.D.N.Y. Jan. 30, 2012), ECF No. 37. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment, affirming if "there are no genuine issues of material fact and [ ] the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). We review a district court's discovery rulings for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pretrial discovery." *Wood v. FBI,* 432 F.3d 78, 84 (2d Cir.2005). The District Court considered Pastor's arguments that various volunteers, interns, board members, and others constituted employees within the meaning of Title VII and the ADA, and concluded, based on the undisputed facts, that they did not. We affirm the grant of

summary judgment for the reasons stated in the District Court's memorandum and order of September 28, 2012.[1] We further conclude that the magistrate judge did not abuse her discretion in her January 30, 2012 order denying Pastor's motion to reopen discovery on the basis that the documents in question did not exist.

We have considered all of Pastor's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

---

**1.** To the extent Pastor argues for the first time on appeal that bookkeeper Alvin Linton and other unnamed individuals from "Accountstemps" should be counted as employees, we decline to consider that argument. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).